2. BILLS AND NOTES, § 270*—*what is effect of failure to give notice of dishonor to joint maker.* Even though an indorser of notes is a joint maker, his liability is not affected by the failure to give notice of dishonor.

3. BILLS AND NOTES, § 274*—*what is effect of failure to give notice of dishonor to surety.* Even though an indorser of notes is a surety, he is not released from liability by the failure to give notice of dishonor.

4. PRINCIPAL AND SURETY, § 14*—*when contention that surety was released from liability by extension of notes is untenable.* In an action on two notes against two defendants, where one of the defendants claimed that he signed the notes as surety and that he was released from liability because payment was extended without his knowledge or consent, *held* that, as the record was barren of any evidence tending to show that any binding agreement of extension had been entered into, such position was untenable.

## Millie Reets Layden, Appellant, v. George P. Miller, Appellee.

### Gen. No. 22,390.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 1, 1917.

### Statement of the Case.

Bill by Millie Reets Layden, complainant, against George P. Miller, defendant, to enjoin the collection of a judgment in favor of defendant and against complainant. From a decree dissolving a temporary injunction and dismissing the bill for want of equity, complainant appeals.

ALANSON C. NOBLE, for appellant.

No appearance for appellee.

*See *Illinois Notes Digest,* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.

Layden v. Miller, 205 Ill. App. 458.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 343*—*when dismissal of bill to enjoin collection of on ground of fraudulent procurement is proper.* On a bill to enjoin collection of a judgment entered in an action at law brought originally against complainant and her husband to recover a certain balance for medical services, and affidavits denying liability, but alleging that the services were worth not exceeding a certain lesser sum, and judgment was entered for such sum, and the case continued as to the remainder, and, pending the reaching of the case for trial, the husband died and the suit was dismissed as to him without the death being suggested of record, and judgment for the balance was entered against complainant alone, and the bill charged that the latter judgment was entered through fraud and collusion between counsel for the respective parties, that complainant's counsel had no authority to consent to the entry thereof, and that it was entered without her knowledge, *held* that as the bill charged fraud and collusion without reciting facts or circumstances from which fraud could be inferred, a court of equity had no jurisdiction to set aside the judgment, and that the dismissal of the bill for want of equity was proper.

2. JUDGMENT, § 389*—*how defects in are to be taken advantage of.* Defects in a judgment by reason of irregularities are to be taken advantage of on appeal or writ of error, and not by a bill in equity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.